IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD NELSON WELK, | : | CIVIL ACTION |
| | : | NO. 12-4928 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| | : | |
| Respondent. | : | |

**O R D E R**

**AND NOW**, this **14th** day of **January, 2014,** after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski (ECF No. 6) and Petitioner's objections thereto (ECF No. 7),[1] it is hereby **ORDERED** as follows:

(1) The Report and Recommendation is **APPROVED** and **ADOPTED in part** and **REJECTED in part**;[2]

---

[1] The Court undertakes a de novo review of the portions of the Report and Recommendation to which a party has objected. See 28 U.S.C. § 636(b)(1) (2012); Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.
§ 636(b)(1).

[2] Magistrate Judge Sitarski concludes that Welk's petition is untimely, but then goes on to also analyze the substance of his claims "for the sake of completeness." Report & Recommendation 12, ECF No. 6. Because that analysis is unnecessary to the resolution of Welk's petition, the Court declines to adopt Part B of the Report and Recommendation, which considers the merits of Welk's allegations. The Court does adopt Part A, however, and agrees with the recommended disposition.

(2) Petitioner's Objections to the Report and Recommendation are **OVERRULED**;[3]

---

[3] Magistrate Judge Sitarski recommends that the Court deny Petitioner's § 2254 petition because the petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, "a state prisoner ordinarily has one year to file a federal petition for habeas corpus, starting from '[t]he date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" McQuiggin v. Perkins, 133 S. Ct. 1924, 1929 (2013) (quoting 28 U.S.C. § 2244(d)(1)(A)). Although the statute of limitations may be tolled while a properly filed petition under Pennsylvania's Post Conviction Relief Act ("PCRA") is pending, 28 U.S.C. § 2244(d)(2), "an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition," Merritt v. Blaine, 326 F.3d 157, 165 (3d Cir. 2003).

The record here shows that Welk filed his first PCRA petition on January 15, 2009, before the date on which his judgment became final. The Pennsylvania Supreme Court denied that petition on September 27, 2010, which means that – absent additional tolling – Welk had until September 27, 2011 to file a federal habeas petition. Welk then filed a second PCRA petition, but that petition was denied as untimely, and thus did not toll the federal habeas time limit. Accordingly, the instant petition, which was filed on July 24, 2012, is untimely under the AEDPA.

In his objections, Welk says that he believes "that the time lapse was due to the courts not responding within a reasonable time frame" to his petitions. Objections 4, ECF No. 7. He seems to base that assertion on the presumption that all PCRA petitions toll the federal statute of limitations. See id. But, unfortunately for Welk, that is not the law, as the Third Circuit has clearly held that PCRA petitions that the state supreme court deems untimely are not "properly filed" under the AEDPA. Merritt, 326 F.3d at 165-66. The Pennsylvania Supreme Court denied Welk's second PCRA petition as untimely, and thus the federal statute of limitations was not tolled while that petition was pending. Welk has not suggested any other basis for statutory or equitable tolling, and so his petition must be

(3) The Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**;

(4) A certificate of appealability shall not issue; and

(5) The Clerk shall mark this case **CLOSED**.

**AND IT IS SO ORDERED.**

/s/ C. Adeu
_____
EDUARDO C. ROBRENO, J.

---

denied.